**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 04-CR-89-TCK** |
| | ) | **(06-CV-615-TCK-FHM)** |
| GERALD WADE THOMAS, SR., | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**OPINION AND ORDER**</u>

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255 (Dkt. # 82) filed by Defendant Gerald Wade Thomas, Sr. ("Defendant" or "Thomas"). The

government filed a response (Dkt. # 100) to Defendant's motion. Defendant filed a reply (Dkt. #

123). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

*BACKGROUND*

On May 18, 2005, at the conclusion of a jury trial, Defendant was convicted of abusive

sexual contact with a child under the age of 12 (Count One) and possession of a firearm after a

former felony conviction (Count Two). <u>See</u> Dkt. # 47. At trial, the government presented nine (9)

witnesses, including T.C., the victim of the abusive sexual contact. T.C. testified that during spring

break of 2004,[1] she, her brother, and her brother's friend spent the night at the house of the

Defendant. She was nine (9) years old at the time. She testified that she was awakened by the

Defendant talking to her and "touching on her." He took off her panties and pulled her shirt up. He

used "his hands and stuff" to feel around her buttocks. T.C. and her brother both testified that they

---

[1]The incident involving T.C. took place the night of March 16-17, 2004.

saw Defendant carrying a rifle during their stay at his house.  Defendant's brothers, Harold Bruce Thomas and William Earl Tiger, II, testified that Defendant always carried a rifle. Special Agent Dana Ward, F.B.I., testified that on April 12, 2004, she was part of a team serving a search warrant on the house where Defendant lived.  She saw him run away from the back of the house and throw down the rifle he was carrying.  The agents recovered the rifle he threw down along with a shotgun they found in the house.  The defense presented one (1) witness, Defendant's daughter-in-law, who testified that from March 5, 2004, through July of 2004, she lived in the house with her two (2) sons and Defendant lived in his trailer in the woods.

On September 8, 2005, the Court sentenced Defendant to 188 months imprisonment as to each count, to be served concurrently, and to three (3) years supervised release as to each count, to be served concurrently.  Judgment (Dkt. # 53) was entered September 21, 2005.  Defendant was represented during trial proceedings by attorney J. Lance Hopkins.

Defendant appealed to the Tenth Circuit Court of Appeals. Continuing to be represented by attorney Hopkins, Defendant argued on appeal that (1) the district court erred in allowing the prosecution to cross-examine an alibi witness regarding her failure to testify at a detention hearing; and (2) his firearm conviction violated his Sixth Amendment rights because the question of whether he had been convicted of a prior felony was not submitted to the jury. In an unpublished Order and Judgment, filed August 3, 2006, the Tenth Circuit affirmed Defendant's convictions and sentences. See Dkt. # 77. On November 9, 2006, Defendant filed a petition for writ of *certiorari* at the United States Supreme Court.  By Order dated December 11, 2006, the Supreme Court denied the petition for writ of *certiorari*.

2

On November 3, 2006, Defendant, appearing *pro se*, filed the instant § 2255 motion (Dkt. # 82). He identifies three (3) ground of error as follows: (1) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (2) denial of effective assistance of counsel, (3) conviction obtained by a violation of the protection against double jeopardy.  See Dkt. # 82. On March 7, 2007, the government filed a response to the § 2255 motion, arguing that the ineffective assistance of counsel claims lacks merit and that Defendant is barred from raising claims that were not raised on direct appeal.

## ANALYSIS

### A.  Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996). Therefore, no evidentiary hearing will be held.

### B.  Ineffective assistance of counsel claims lack merit

Defendant alleges his attorney provided ineffective assistance during trial and on appeal. Specifically, he complains that his attorney (1) was not an Indian law specialist, (2) failed to call witnesses in his defense, (3) did not allow Defendant to assist with preparation of the direct appeal brief, and (4) failed to investigate the motives of the prosecution's witnesses. Defendant also complains that his attorney failed to challenge enhancement of his sentence under the Armed Career Criminal Act ("ACCA"). To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.

Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).  A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Id. at 690.  Moreover, review of counsel's performance must be highly deferential.  Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

### 1.  Lack of Indian law expertise and failure to challenge search and seizure

As part of ground two, Defendant complains that his attorney provided ineffective assistance because he was not an Indian law expert.  Even if his attorney lacked expertise in Indian law, Defendant completely fails to explain in ground two how he suffered prejudice as a result.  Therefore, his claim as asserted in ground two fails under Strickland.

To the extent Defendant complains that his attorney provided ineffective assistance in failing to challenge the evidence based on the argument asserted by Defendant in ground one, the Court finds he is not entitled relief. In ground one, Defendant complains that his conviction was obtained as the result of an unconstitutional search and seizure. He claims that the land where the incidents giving rise to his convictions occurred was held in trust by the Bureau of Indian Affairs ("BIA"). He argues that the agents who served the search warrant violated the trust agreement when they failed to notify BIA officials prior to executing the search warrant.

The record in this case demonstrates that Defendant stipulated that he is an Indian. See Tr. Trans. at 85-86. In addition, Joel Bean, an employee of the Cherokee Nation Real Estate Services, testified that the property where Thomas lived had been placed in trust for Thomas and his two brothers in 1943, and that in his opinion, the property was properly classified as Indian Country in March of 2004 when the offenses occurred. See Tr. Trans. at 68, 70-72, 76; see also 18 U.S.C. § 1151; United States v. Roberts, 185 F.3d 1125, 1131-32 (10th Cir. 1999). Therefore, this Court had exclusive jurisdiction in this matter. 18 U.S.C. § 1153.

The record also contains the affidavit of Defendant's attorney, J. Lance Hopkins. See Dkt. # 100, attachment 3. Mr. Hopkins states that at the time of Defendant's trial, he was experienced in dealing with federal jurisdiction of crimes occurring on Indian land. Id. at ¶ 4. He also states that he personally examined the chain of title for Defendant's property and determined that the land was held in trust by BIA and, as a result, this Court had jurisdiction over crimes occurring on the property. Id. at ¶¶ 5-7.

Defendant has failed to establish that his attorney performed deficiently either at trial or on appeal, in failing to challenge the service and execution of the search warrant. He provides no

5

authority for his claim that service of the search warrant violated the trust agreement between the property owners and the BIA. The warrant was properly issued by this United States District Court. Based on the record, the Court finds no basis for any challenge to the validity of the search and seizure. Applying the Strickland standard, the Court finds that counsel did not perform deficiently at trial or on appeal. Defendant is not entitled to relief under 28 U.S.C. § 2255.

### 2. *Failure to call defense witnesses*

As his second claim of ineffective assistance of counsel, Defendant asserts that his attorney provided ineffective assistance of counsel when he called only one (1) defense witness. Defendant states that a total of five (5) potential witnesses were interviewed and could have verified that he could not have been at the scene of the crime when it allegedly occurred and was not at the residence where the 20 gauge shotgun was found. In his § 2255 motion, Defendant does not identify the witnesses defense counsel failed to call. However, in his reply (Dkt. # 123), Defendant identifies the alibi witnesses as G.C. Washington, Barbara Washington, Ella Washington, Gaylon Peel, and Larry Peel. Defendant asserts that those witnesses would provide testimony supporting his defense that he was in Clovis, New Mexico, at the time of the incidents giving rise to his convictions. See Dkt. # 123.

The record reflects that defense counsel investigated Defendant's alibi defense. He requested funds for hiring an investigator to locate and interview witnesses for the defense. (Dkt. # 26). The Court granted the request. (Dkt. # 32). In addition, defense counsel requested issuance of subpoenas to compel the attendance of defense witnesses at trial. (Dkt. # 34). The Court granted the request. (Dkt. # 35). In its trial brief (Dkt. # 37), the government acknowledged being given notice of Defendant's alibi defense and indicated its intent to challenge the alibi witnesses' credibility. In his

affidavit, see Dkt. # 100, attachment 3, Defendant's trial counsel explains that after he gave notice of alibi defense to the government, FBI agents traveled to New Mexico and Seminole, Oklahoma, to interview the alibi witnesses. Id. at ¶ 9. The FBI also obtained telephone records. Id. Counsel states that neither the interviews nor the phone records supported the alibi defense. Id. As a result, Mr. Hopkins decided, as a matter of trial strategy, to abandon the alibi defense. Id. The record further reflects that the defense counsel presented Defendant's defense of misidentification. He put on the testimony of Defendant's daughter-in-law, Julie Rhoden, who testified that Defendant lived in a trailer in the woods and did not stay in the house when the offenses were alleged to have occurred. See Tr. Trans. at 234-240. In addition, during cross-examination by defense counsel, Defendant's brother, Harold Bruce Thomas, testified that people have stated that he and Defendant look alike, and that in July of 2004, he was handcuffed by Cherokee Marshal because they thought he was Defendant. See Tr. Trans. at 141-44.

Defendant has failed to provide any evidence suggesting that trial counsel performed deficiently in deciding, as a matter of trial strategy, not to call the witnesses identified by Defendant in his reply. Defendant has not come forward with any evidence demonstrating that the records obtained by the FBI were incorrect or that relevant records or testimony were overlooked. In the absence of specific facts that would indicate constitutionally deficient performance, the Court finds Defendant has failed to satisfy Strickland. See Strickland, 466 U.S. at 689 (requiring a petitioner to overcome the presumption that counsel's decision "might be considered sound trial strategy").

Moreover, even if, arguendo, the Court were to conclude that trial counsel's performance was not objectively reasonable, Defendant cannot meet the prejudice prong of the Strickland test.

7

As indicated above, to demonstrate prejudice, Defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" United States v. Owens, 882 F.2d 1493, 1501 (10th Cir. 1989) (quoting Strickland, 466 U.S. at 693-94); see also Lockhart, 506 U.S. at 372 ("the 'prejudice' component of the Strickland test . . . focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). Defendant has not met this standard. The government introduced substantial evidence of Defendant's guilt. The victim of the sexual contact testified that Defendant was the man who touched her inappropriately during the morning hours of March 16 or 17, 2004, while she spent the night at his house. See Tr. Trans. 24-30. The victim never wavered in her identification of Defendant as the man who touched her. She and her brother testified that Defendant carried a rifle while chopping wood, id. at 19, 89.  Furthermore, FBI agent Dana Ward testified that on April 12, 2004, during the execution of a search warrant at Defendant's house, she saw a man walking away from the back of the house with a rifle slung over his shoulder. Id. at 176-78.  She testified that she was 100% sure that Defendant was the man.  Id. at 188. Agents also recovered a shotgun during execution of the search warrant.  Id. at 184. In addition, Defendant's brothers testified that Defendant possessed several firearms, including a .22 rifle and a shotgun, and that he was frequently seen carrying a rifle.  Id. at 110, 112, 127-29. In light of the strength of the government's evidence, the Court finds Defendant has failed to demonstrate that the result of his trial was unreliable because counsel failed to introduce the alibi evidence.  Therefore, he has not satisfied the prejudice prong of the Strickland standard.

### 3. *Failure to allow Defendant to assist with preparation of direct appeal brief*

As his third claim of ineffective assistance of counsel, Defendant complains that he was not allowed to assist with preparation of his direct appeal brief. Defendant completely fails, however, to identify how his participation would have improved the direct appeal brief. Defendant has failed to demonstrate that the outcome of his appeal would have been different had defense counsel allowed him to participate in the preparation of the brief. As a result, Defendant cannot satisfy the prejudice prong of the <u>Strickland</u> standard. He is not entitled to relief under § 2255.

### 4. *Failure to investigate motives of prosecution witnesses*

Next, Defendant alleges that his attorney provided ineffective assistance when he failed to investigate the motives of two of the prosecution's witnesses, his half-brother William Tiger and his brother Harold Bruce Thomas. Both men testified that Defendant lived in the Craig County house in March of 2004, <u>see</u> Tr. Trans. at 109-114, 126-27, 130, and that Defendant had been in possession of firearms, <u>id.</u> at 110-12, 127-28. The record reflects that Defendant's attorney thoroughly cross-examined both witnesses, effectively challenging their credibility and establishing the lack of a harmonious relationship with Defendant. <u>See</u> Tr. Trans. at 133-37, 145-46.

In the § 2255 motion, Defendant claims that his brother Harold "stole" his idea of opening an "Indian Smoke Shop." Defendant alleges that over a twenty (20) year period, his brother Harold "bilked" him and another brother, Martin Thomas, out of approximately three (3) million dollars. <u>See</u> Dkt. # 82. The record reflects that during his cross-examination of Harold Bruce Thomas, defense counsel asked questions about the smoke shop. <u>See</u> Tr. Trans. at 135-36. The jury was made aware of the animosity between the brothers. Significantly, Defendant has failed to explain how the

9

information contained in the § 2255 motion would have changed the result of his trial. As a result, Defendant cannot satisfy the prejudice prong of the Strickland standard.  He is not entitled to relief under § 2255.

### 5. *Failure to challenge sentence enhancement under ACCA*

As his third proposition of error, Defendant claims that he was improperly sentenced under the ACCA.  See 18 U.S.C. § 924(e) (requiring a 15-year minimum sentence for a defendant who possessed a firearm after three (3) prior convictions for violent felonies or serious drug offenses). To the extent Defendant claims that his attorney provided ineffective assistance in failing to raise this claim either at sentencing or on direct appeal, the Court finds the claim lacks merit.

Defendant was sentenced under the ACCA because he had prior convictions for second-degree burglary, sexual battery, and possession of marijuana with intent to distribute.  To the extent Defendant complains that his prior convictions were too old to be counted against him, his claim is without merit.  There is no time restriction on prior convictions used to enhance under the ACCA. United States v. Lujan, 9 F.3d 890, 893 (10th Cir. 1993) (citing the application notes to U.S.S.G. § 4B1.4 and compiling list of cases from other circuits rejecting arguments that a time limitation exists or should be created).   Furthermore, as noted by the government, see Dkt. # 100, Defendant's three (3) prior felony convictions qualify as predicate offenses for application of 18 U.S.C. § 924(e).  His conviction for sexual battery qualifies as a predicate offense under 18 U.S.C. § 924(e) because it involved a serious risk of physical injury to another person.  See United States v. Rowland, 357 F.3d 1193, 1198 (10th Cir. 2004).  In addition, Defendant's conviction for possession of marijuana with intent to distribute was a "serious drug offense" under the ACCA and the Sentencing Guidelines. See 18 U.S.C. § 924(e)(2)(A)(ii); U.S.S.G. § 4B1.2(b). Lastly, his conviction for second degree

10

burglary qualifies as a predicate "violent felony" because the Information filed in the case, see Dkt. # 100, attachment 4, reflects that Defendant was charged with burglarizing a building known as "Duffie's Tavern." Defendant was convicted on his plea of guilty. See id., attachment 5. Thus, the crime involved the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," see Shepard v. United States, 544 U.S. 13, 16 (2005) (quoting Taylor v. United States, 495 U.S. 575, 599 (1990)), and qualifies as a predicate "violent felony" under the ACCA.

The transcript from Defendant's sentencing proceeding reflects that counsel for Defendant objected to the sentence calculations contained in the Presentence Report ("PSR"), arguing that the ACCA is unconstitutional. See Sent. Trans. at 3. Counsel also informed the Court that Defendant was in the process of challenging one of his prior convictions based upon alleged law enforcement misconduct. Id. This Court determined that it was bound by current law upholding the constitutionality of the ACCA and that Defendant's prior convictions were valid at the time of sentencing. Id. at 4-5. Therefore, after hearing argument from counsel, the Court accepted the PSR as its finding of fact and sentenced Defendant at the low end of the advisory guideline range, as described above. The Court finds Defendant's challenges to the application of the ACCA lack merit.

The Court recognizes that Defendant cites the Double Jeopardy Clause as authority for granting relief on this claim. Although he offers no argument supporting this claim, the Court finds that based on Tenth Circuit precedent, United States v. Williams, 403 F.3d 1188, 1198 (10th Cir. 2005), the claim lacks merit and, therefore, counsel did not perform deficiently in failing to raise the claim. Upon review of the record, the Court finds defense counsel did not perform deficiently at sentencing.

11

The Court further finds that counsel did not perform deficiently on appeal.  Counsel raised a claim challenging the constitutionality of the ACCA, arguing that the question of whether he had been convicted of a prior felony was not submitted to the jury.  That claim was rejected based on circuit precedent, see Dkt. # 77 (citing United States v. Davis, 437 F.3d 989, 998 (10th Cir. 2006)). As discussed above, Defendant's remaining challenges to the application of the ACCA are without merit.  Therefore, appellate counsel did not perform deficiently in failing to raise the claims as identified in the § 2255 motion.

**C. Claims that could have been but were not raised on direct appeal are procedurally barred**

As his first proposition of error, Defendant alleges that his convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure.  See Dkt. # 82.  As his third claim, Defendant argues that the nature of his prior felony convictions did not warrant enhancement of his sentences under the ACCA.  Id.  He cites the Double Jeopardy Clause as authority for his challenge to his sentence enhancement.  Id.  These issues could have been but were not raised on direct appeal.

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also Latu v. Ashcroft, 375 F.3d 1012, 1017 (10th Cir. 2004). If a defendant fails to raise a § 2255 claim on direct appeal, it is procedurally barred unless defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.  United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The procedural default rules developed in the context of § 2254 habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n.15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence or a change in the law.  Id.  Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default.  Cook, 45 F.3d at 392.  As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Defendant argues as "cause" that his counsel provided ineffective assistance in failing to raise the claims on appeal.  However, as discussed in more detail above, counsel did not provide ineffective assistance on appeal in failing to raise these claims. Therefore, Defendant has failed to demonstrate "cause" to overcome the procedural bar.

Under the fundamental miscarriage of justice exception, a defendant may obtain review of his defaulted claims by alleging actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 506 U.S. at 316. Defendant has the burden of persuading this Court "that, in light of the new evidence, no juror,

13

acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Defendant does state that he is actually innocent of the crimes for which he was convicted. However, he provides no new evidence in support of his claim. As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.  The Court concludes that Defendant's claims which could have been but were not raised on direct appeal shall be denied as procedurally barred.

### *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion.  Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 82) is **denied**.

2.     A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 16th day of March, 2010.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

14